# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DERRICK DEFOE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-cv-00372-AKK-HNJ |
| B. CHADWICK WISE, | ) |
| Defendant. | ) |

## AMENDED MEMORANDUM OPINION

The court replaces the memorandum opinion, doc. 12, with this amended memorandum opinion in support of the final order entered on October 29, 2021, doc. 13.

Derrick Defoe, who is currently incarcerated at the Staton Correctional Facility in Elmore, Alabama, commenced this action pursuant to 28 U.S.C. § 2254 against Limestone County Circuit Judge B. Chadwick Wise. Doc. 1. Defoe's petition "failed to state concisely every ground on which he claims he is being held in violation of the Constitution or federal law, and the facts supporting each ground . . . ." Doc. 9 at 1. Consequently, on August 20, 2021, the magistrate judge ordered Defoe to amend his petition within 14 days, in part, to "state the nature of the constitutional violation he believes he has suffered, . . . [and] give a concise summary of the facts supporting each claimed constitutional violation." *Id*. at 2. When Defoe

failed to comply, the magistrate judge issued a report and recommendation that the court dismiss his case without prejudice for failure to prosecute. *See* doc. 10. Thereafter, without any mention to the R & R or addressing why he failed to respond previously, Defoe filed an amended petition instead, doc. 11. The court has reviewed the amended petition and finds that it suffers from the same deficiencies the magistrate judge identified. Furthermore, the court finds that the supporting facts asserted by Defoe in his amended petition more closely align with claims brought pursuant to 42 U.S.C. § 1983. Doc. 11. Accordingly, the court construes this action as a section 1983 case.

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint, or any portion thereof, if the court finds the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or [] seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After careful review of Defoe's amended complaint, the court finds it is due to be dismissed pursuant to § 1915A(b).

Briefly, Defoe pleaded guilty to a charge of aggravated child abuse and was sentenced by Judge Wise to 40 years in prison. Doc. 11 at 1-2. He maintains that he "ain't have nothing to do with it," that he "did pleaded guilty to 40 year's [sic] because the District Attorney was talking and trying to give [him] a life sentence[],"

and that "since the judge [k]new the [victim's] family he went with what the, D.A., said and gave me a 40 years sentence[] . . .." *Id*. at 21-22.  As to precisely what Judge Wise did to allegedly violate Defoe's constitutional rights, Defoe seems to object to Judge Wise accepting his plea of guilty and sentencing him despite his purported innocence, thereby (1) depriving Defoe of his Sixth and Seventh Amendment rights to a speedy and public trial and trial by a jury, and (2) violating his Eighth Amendment right against cruel and unusual punishment. *Id*. at 8, 22, 31-33.  Defoe also contends that Judge Wise had a conflict of interest given that previously, as a district attorney, he prosecuted Defoe's co-defendant on unrelated charges. *Id*. at 29.  Defoe maintains that Judge Wise acted "under color of law," *id*. at 6, 9, 11, 13, and thus filed this action under Section 1983, *id*. at 7-8.  And based on these alleged violations, Defoe seeks "$200.500.00 – Thousand Dollars for my pain and suffering and cruel and unusual punishment: I want and NEED this for my suffering." *Id*. at 23 (emphasis by Defoe).

It is well settled that judges are entitled to absolute judicial immunity for federal claims and are not subject to damages for acts taken in their judicial capacity unless they acted in "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084–85 (11th Cir. 1996)).  Absolute immunity is designed to free the judicial process from the harassment and intimidation

associated with litigation. *Burns v. Reed*, 500 U.S. 478, 494 (1991). Besides protecting the finality of judgments or discouraging inappropriate collateral attacks, judicial immunity also protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Bradley v. Fisher*, 80 U.S. 335, 354 (1871). Indeed, "[i]f judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication." *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (citations omitted).

Moreover, "suits against judges [are not] the only available means through which litigants can protect themselves from the consequences of judicial error." *Id*. at 227. For example, litigants facing unfavorable decisions may seek relief "through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id*. Accordingly, "[t]he Supreme Court has set forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under section 1983:" (1) whether the judge dealt with the plaintiff in a judicial capacity, and (2) whether the judge acted in the clear absence of all jurisdiction. *Simmons*, 86 F.3d at 1084-85 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). The answer to the judicial

capacity inquiry depends on whether: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Based on the facts alleged in Defoe's amended complaint, Judge Wise interacted with Defoe in his judicial capacity and thus satisfies the first prong of the *Stump v. Sparkman* test. Defoe alleges that Judge Wise sentenced him to 40 years in prison during a sentencing proceeding where Judge Wise performed his normal judicial functions. Doc. 11 at 1-3, 20-22. Judge Wise held the hearing in open court, the controversy involved a criminal case assigned to him, and he interacted with Defoe in his judicial capacity. *See Sibley*, 437 F.3d at 1070. And, as to the second prong, there is no allegation in the amended complaint that Judge Wise acted in the clear absence of all jurisdiction. To the contrary, the amended complaint establishes jurisdiction existed because, as Defoe points out, he was charged with a felony in Lauderdale County, where Judge Wise sits as Circuit Court judge. *See* doc. 11. This position gives Judge Wise the authority to preside over criminal cases, including to sentence defendants who are found guilty or plead guilty to criminal charges. *See*

*generally* Ala. Code. § 12-17-26.  Therefore, Judge Wise also satisfies the second prong of the immunity test.

Consequently, Defoe's § 1983 claims against Judge Wise are barred by absolute judicial immunity, and this case is due to be dismissed pursuant to 28 U.S.C. § 1915A(b).

The Clerk is **DIRECTED** to re-docket this case as a section 1983 case.

**DONE** the 29th day of October, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE